ELLIS, Judge:
This is a suit for workmen’s compensation benefits brought by plaintiff Wilburn Hitt against his employer Baton Rouge Fabricators, Inc. and its insurer, Argonaut Insurance Company. Plaintiff claims to be totally and permanently disabled as the result of an accident which happened on September 20, 1967. After trial on the merits, judgment was rendered in favor of defendants, and plaintiff has appealed.
On the date of the accident, plaintiff suffered a fall of some ten or fifteen feet. He was seen on the same day by Dr. Frank G. Rieger, the company doctor, who diagnosed his injury as contusion of the right hip and lumbar sprain. Plaintiff was discharged as cured the same day. Plaintiff lost no time from work, returning to his job on the next day. He continued to work regularly until he was laid off in November, 1967.
*513 On January 25, 1968, plaintiff saw Dr. Kenneth Cranor, an orthopedist, for purposes of evaluation, complaining of pain in his right hip, back, and left shoulder. Dr. Cranor found no objective symptoms of injury, and did not state that plaintiff was disabled. He stated that he thought plaintiff had suffered a sprain of the cervical spine, his conclusion being based entirely on plaintiff’s history.
On July 8, 1971, plaintiff saw Dr. Frank C. McMains, an orthopedist, for evaluation. Dr. McMains found no objective symptoms of injury, but, based on the history given him by plaintiff, testified that he thought plaintiff suffered a ruptured intervertebral disc in his cervical spine, and recommended that a myelogram be taken to see if there was any disc pathology.
The only other medical evidence in the record is a report from Dr. Lester H. James, an osteopath, of Wichita, Kansas, who saw plaintiff on August 7, 1970, at which time he complained of pain and tingling in the left arm, and soreness in the right knee. He diagnosed left brachial plexius neuritis.
Plaintiff testified that he had suffered from pain in his neck, running down into his left arm, since the time of the accident, and had been able to work only intermittently since that time. He testified he could not do the work required of him as a pipe fitter.
In ruling on the case, the district judge said:
"A review of the medical evidence in the case, coupled with the testimony of the plaintiff, lead the Court to the belief that initially Mr. Hitt sustained an injury to his neck and left shoulder which subsequently occasioned him some pain and discomfort, but which has not disabled him within the meaning of the Workmen’s Compensation Act. The factors leading the Court to this opinion are: 1) No physician found objective signs of pathology which would justify a conclusion that he had a ruptured disc. Even McMains acknowledged that his opinion was based purely on the plaintiff’s history related to him; 2) The plaintiff worked at his trade for two months following the accident and at least on several other occasions; and 3) There have been long intervals in which the plaintiff did not seek medical attention and ii is readily apparent that when he did so, it was in connection with his compensation claim. While the Court found Mr. Hitt to be fairly sincere in his testimony of his inability to work, he had a deep tan suggesting some outdoor activity.”
Since we are unable to say that the foregoing conclusion is manifestly erroneous, the judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.